No. 8076.

ÆTNA INSURANCE COMPANY v. SHRYER ET AL.

INSURANCE.— *Waiver of Conditions.*—*Agent's Authority.*—An adjusting agent of a fire insurance company to whom a loss is referred by the company, with authority to manage and control it until it is disposed of, has authority to waive the preliminary proofs of loss which the policy requires to be made to the company; and if he place a refusal to pay the loss wholly upon other grounds, it is a waiver of the right to defend a suit on the ground that such proofs were not made.

From the Greene Circuit Court.

*W. H. De Wolf* and *S. N. Chambers*, for appellant.

*A. G. Cavins, E. H. C. Cavins, W. I. Baker, L. Shaw, W. M. Franklin, J. D. Alexander* and *H. W. Letsinger*, for appellees.

ELLIOTT, J.—The controlling question in this case is, whether the agents of the appellant waived the formal proofs of loss required by the policy of insurance upon which rests the judgment of the appellees against the company.

Involved in this general question is the enquiry, whether the persons by whom the waiver is asserted to have been made, were authorized to waive preliminary proof of loss. It is not every agent of an insurance company that has authority to waive performance of the conditions of the policy, and the authority to make such a waiver can not be inferred from the mere fact that the person alleged to possess such authority does in some matters represent the company. The existence of the relation of principal and agent is not sufficient to warrant the conclusion that the agent possessed authority to waive the conditions of the contract of insurance.

The agent, whose acts are chiefly relied on as waiving the preliminary proofs, was the adjuster of the company, whose general duty was to adjust and report losses to the principal officers of the corporation. There is much diversity of opinion as to whether an adjuster has authority to waive preliminary proof. It would seem that the better reason is with the cases which hold that he has; for a company that sends an agent to ascertain the nature, cause and extent of the loss, and employs him in that particular line of duty, may well be deemed to have invested him with a general authority in all such matters. But we are not required to decide whether an adjusting agent has, by force of his position alone, authority to waive preliminary proofs of loss, for there are facts disclosed in the evidence tending to show that the adjuster had, in this instance, a much broader scope of authority than that usually bestowed upon adjusting agents. It appears that there was a default

taken against the appellant; that, upon the hearing of the motion to set it aside, the company produced the affidavit of Stewart, the adjuster, wherein he deposed, that "When a case is referred to this affiant for adjustment, he assumes the charge, management and control thereof, and so retains the same until the matter is finally disposed of; and, if litigation ensues in any case so referred to this affiant, it is also his duty to take charge of the management thereof, subject to the general supervision and instruction of F. C. Bennett, general agent, at Cincinnati." By filing this affidavit in support of its motion to set aside the default, the appellant adopted the statements of the paper, and can not be permitted to now deny their truth. It would be inequitable to permit a party to secure relief from a judgment upon the faith of statements contained in an affidavit, and allow him to afterwards impeach their truth. Taking the statements of this affidavit in connection with the other evidence, we think there is enough to support the finding that the adjuster had authority to waive the preliminary proof of loss. Willcuts v. Northwestern, etc., Ins. Co., 81 Ind. 300; Phoenix, etc., Ins. Co. v. Hinesley, 75 Ind. 1. In Brink v. Merchants, etc., Ins. Co., 49 Vt. 442, it was said: "Evidence was given to show that Lester was an agent of the defendant, specially authorized in writing to settle this loss. His declarations in the course of the discharge of such duty, might properly be shown in evidence." In still more explicit terms, the rule is laid down in Little v. Phoenix Ins. Co., 123 Mass. 380 (25 Am. R. 96), where it was said, in speaking of agents authorized to adjust a loss: "There was evidence that they were charged with the whole duty of settling the loss, and in this respect represented the company. As a necessary incident, they had power to dispense with those stipulations for the benefit of the company, which had reference to the mode of ascertaining the liability and limiting the right of action. Eastern Railroad v. Relief Ins. Co., 105 Mass. 570. Kennebec Co. v. Augusta Ins. Co.,

6 Gray, 204. *Gloucester Manuf. Co.* v. *Howard Ins. Co.*, 5 Gray, 497."

The fact that the conditions respecting the preliminary proofs are written in the contract of insurance does not prevent their waiver by an authorized agent of the insurer. This principle is involved in the cases cited from our own reports, and in the cases of *Masonic, etc., Ass'n* v. *Beck*, 77 Ind. 203, S. C., 40 Am. R. 295, and *Byrne* v. *Rising Sun Ins. Co.*, 20 Ind. 103; and is recognized in many well considered cases. *Rokes* v. *Amazon Ins. Co.*, 34 Am. R. 323; *Carson* v. *Jersey City Ins. Co.*, 14 Vroom, 300; S. C., 39 Am. R. 584; *Blake* v. *Exchange M. Ins. Co.*, 12 Gray, 265; *Priest* v. *Citizens' M. F. Ins. Co.*, 3 Allen, 602; *Franklin F. Ins. Co.* v. *Chicago Ice Co.*, 36 Md. 102; S. C., 11 Am. R. 469.

We are satisfied that there was evidence warranting the jury in inferring that the adjuster had authority to waive the preliminary proofs of loss, and our next enquiry is whether there were such acts done by him as justly warranted the inference that there was a waiver.

It is agreed by all the text-writers and courts, that there may be an implied waiver, and that it may be inferred from facts and circumstances. The evidence before us shows that the adjusting agent of the company visited the place where the loss occurred; that the insured furnished him with a list of the losses; that the agent went away from the place, saying that he would return in a few days; that he did not return, but wrote a letter wherein he asked for information as to the quantity of some of the articles claimed to have been manufactured by the insured and burned; stated what he had ascertained to be the value of the tobacco included in the loss; expressed his belief that some of it had been stolen before the fire; objected that the ownership of the building destroyed was not "absolute in the insured," and wound up by stating: "I shall place the case in this light before the company, and, if they will agree to it, there would be payable on

building, $400; on machinery and fixtures, $133.33; stock as before stated, $910.75; in all, $1,444.08."

This letter was written on the 24th day of January, 1878, and, in answer to a letter from the insured, the adjuster wrote again on the 22d of February of the same year. In this last letter no mention was made of the failure to make proof of loss; but among other things it was said : " I have spoken to our manager to-day about it, and whilst they think there is no legal liability, I think they can be induced to agree to my proposition of considering the equities due to the two Messrs. Jamison, on their insurance on all that part of the risk, making the loss as per my statement, $1,444.08." It appears very clearly that no objection was made to the statements of the loss furnished the adjuster, and that payment of the loss was withheld upon entirely different grounds, namely, that the tobacco had been stolen before the fire, and that the ownership of the property had not been correctly stated in the application.

There are at least two reasons why this evidence should be regarded as proof of waiver. The first of these is that the insured had given the adjuster a statement, and this, although not verified as the policy required, nor in the form prescribed, was accepted and treated as sufficient. Where preliminary proof is made which is defective, the insured, by treating it as sufficient, waives all objections to its sufficiency. The rule is well stated in a late work : " If the insurers intend to insist upon defects in the preliminary proof, they should indicate their intention in such a way that the insured may not be deceived into a false security, and at such time that he shall have opportunity to supply the defects." May Insurance, sec. 468. It is also said by this author, citing *Harris* v. *Phœnix Ins. Co.*, 35 Conn. 310, that " It is to be observed, that it is the duty of the insurers, pending the consideration of the proofs of loss, to bear themselves with all good faith towards the claimant, and if they are dissatisfied with the proof furnished, and have, or have not, the right to demand further

proof before their liability becomes fixed, they ought to make known to the assured the fact and the nature of these demands without unnecessary delay. Otherwise they will be held to have waived their rights in this regard." The doctrine of the case from which we have quoted is substantially the same as that of our own case of *Byrne* v. *Rising Sun Ins. Co., supra.*

Another reason for holding that the appellant waived the preliminary proof of loss is that payment was withheld upon other and different grounds. The objections were, as we have seen, not that proof had not been made, but that there were other grounds which vitiated the insurance. The writer from whom we have quoted says: "Thus, where the insurers refuse to pay on special grounds, as that the contract was never completed, or that the insured had no interest, or on any other grounds having no reference to the sufficiency or insufficiency of the preliminary proof, it is a waiver of their right to object to any deficiency in this particular." At another place this author says: "So if the insurers decline to pay without giving any reason upon which to rest their refusal, such a refusal, by necessary implication, gives the assured to understand that the production of preliminary proof will be useless, —an idle ceremony, which the law will not require him to perform. So, if the refusal to pay is upon the ground that the property lost was not included in the risk, or that the assured has forfeited his right to recover by fraud." May Insurance, secs. 468, 469. Many cases are cited in support of the text, to which may be added, *Little* v. *Phœnix Ins. Co.,* 123 Mass. 380; *Graves* v. *Washington M. Ins. Co.,* 12 Allen, 391; *Pennsylvania F. Ins. Co.* v. *Kittle,* 39 Mich. 51; *Farmers' M. Ins. Co.* v. *Taylor,* 73 Pa. St. 342; *Farmers', etc., Ins. Co.* v. *Mœckes,* 12 Reporter, 314; *Farmers' M. F. Ins. Co.* v. *Moyer,* 97 Pa. St. 441.

The cases of *Home Ins. Co.* v. *Duke,* 43 Ind. 418, and *Protection Ins. Co.* v. *Pherson,* 5 Ind. 417, have no application to the present case, for no question of waiver was involved in either of them. All that is decided in the case of *Peoria,*

*etc., Ins. Co.* v. *Walser*, 22 Ind. 73, that bears in the remotest degree upon the present, is that the simple direction of the agent to one of the crew of the boat, to go before an officer and make a protest, was not a waiver of the legal rights of the company to a legal protest in the case, and this, it is plain, can have here no controlling force.

The doctrine that an insurance company, by putting its refusal to pay the loss upon a definite ground different from a want of preliminary proofs, or of defect in their form or substance, waives the right to insist upon the failure to make such proof as a defence to an action on the policy, is in harmony with the elementary principle that a party, who places his refusal upon one ground, can not, after action brought, change it to another and different one. *Hanna* v. *Phelps*, 7 Ind. 21; *Turner* v. *Parry*, 27 Ind. 163; *Bartlett* v. *Adams*, 43 Ind. 447; *Blair* v. *Hamilton*, 48 Ind. 32; *Embden* v. *Augusta*, 12 Mass. 307; *Gerrish* v. *Norris*, 9 Cush. 167. There is no reason why this rule should not apply to policies of insurance as well as other contracts.

We can not disturb the verdict upon the ground that it is contrary to the evidence, for it is supported upon all material points by some evidence.

Judgment affirmed.