Filed Dec. 20, 1888.

No. 13,284.

## The American Central Insurance Company v. Sweetser et al.

Insurance.—*Notice and Proofs of Loss.—Pleading.*—In an action on a policy of insurance, a general averment that the plaintiff has performed all the conditions of the policy on his part, dispenses with particular averments that notice was given and proofs of loss furnished to the insurer. Section 370, R. S. 1881.

Same.—*When Notice and Proofs not Necessary.*—After an insurance company has itself taken cognizance of a loss, and prepared such proofs as it deems essential to an adjustment, the insurer may assume, until notified to the contrary, that additional notice and proofs are not required.

Same.—*Agreement to Accept Less than Whole Debt.— Consideration.*—Where the amount of a debt or liability is ascertained and uncontroverted, an agreement that the debtor may discharge his obligation by the payment of a sum less than the amount due, will not be enforced, unless it is supported by a new or independent consideration.

Same.—*Compromise.*—In order that an executory contract growing out of a compromise may be enforced, there must have been an actual dispute founded upon a colorable right.

Same.—*Assignment.—Subsequent Contract Between Insurer and Insured.*—The assignee of a policy of insurance is not bound by any agreement which the assignor may make with the insurance company, subsequent to the

assignment, as to the amount which shall be accepted as a satisfaction of its liability.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John*, for appellant.

*A. Steele* and *J. A. Kersey*, for appellees.

MITCHELL, J.—This was a suit by James V. Sweetser and William Lyons, partners, doing business under the firm name of Sweetser, Lyons & Co., to recover on a certificate issued upon an open policy of fire insurance, executed by the American Central Insurance Company to Ernest Warneke, covering certain grain and seeds contained in a warehouse situate in the town of Odebolt, in the State of Iowa.

The property insured was consumed by an accidental fire on the 5th day of November, 1885, whereupon the certificate, which guaranteed indemnity against loss to the amount of $1,500, was duly assigned to the plaintiffs.

It is averred in the complaint " that all matters and things required by said open policy have been in all things complied with ; " that an authorized agent of the company had made an appraisement or adjustment of the loss, but that the company refused to pay the same, and so notified the plaintiffs.

It was not necessary, with these averments in the complaint, to aver more particularly that notice had been given and proofs of loss furnished to the company.

Section 370, R. S. 1881, dispenses with the necessity, so far as pleadings are concerned, of specially averring the performance of each and every condition precedent in a contract, and provides that it shall be sufficient to allege generally that the party performed all the conditions on his part. The averment as above set out is not expressed in the most apt phraseology, but it sufficiently expresses the idea that the insured or his assignees had performed all the conditions of the policy on their part. *National Benefit Association* v. *Bowman,* 110 Ind. 355, and cases cited.

Besides, since it appears by the complaint that an adjustment had been made by an agent duly empowered for that purpose, and that the company had afterwards notified the plaintiff that the loss would not be paid, it must be deemed that further notice and proof have been waived.

After an insurance company has itself taken cognizance of a loss, and prepared such proofs as it deems essential to an adjustment, the insured may assume, until notified to the contrary, that additional notice and proofs are not required. *Indiana Ins. Co.* v. *Capehart*, 108 Ind. 270; *Commercial Union Assurance Co.* v. *State, ex rel.*, 113 Ind. 331, and cases cited.

The defendant answered, admitting the issuance of the policy, and that the loss had occurred, and that it had been adjusted on the 11th day of November, 1885, and found to be $994.25, as alleged in the complaint, but in exoneration of its liability, except as to the sum of $596.55, it alleged that Warneke, after receiving the defendant's policy, had taken out other insurance on the property destroyed, which other insurance was in force when the loss occurred, and that the company which issued the last policy was liable to contribute to the loss.

It was further averred that at the time the proofs of loss were made, Warneke agreed with the defendant's adjuster that he would accept $596.55 in full satisfaction of the liability of the company, which sum the defendant avers it has always been and still is ready to pay.

To this answer the plaintiffs replied, admitting the making of the proofs of loss, and the agreement by Warneke, as a part thereof, but they alleged that the latter had, prior to that time, as the defendant well knew, assigned the policy sued on to them.

They averred further that it was a part of the agreement between their assignor and the adjusters that if the plaintiffs, upon consultation with counsel, should ascertain that the defendant was liable for the whole loss, up to the amount stip-

ulated in the policy, then the agreement to take a less sum was to be considered as at an end. This reply was held sufficient on demurrer, and of the ruling so holding the appellant now complains. Waiving the point urged against the form of the demurrer, our conclusion is that the court committed no error in its ruling in that connection.

The answer, it will be observed, is predicated upon an agreement made with Warneke, by which the latter agreed to accept the sum above named, in full satisfaction of the defendant's liability on its policy, after an ascertained loss amounting to $994.25 had occurred. It does not appear that there was any dispute or question as to the liability of the company for the loss, or as to the amount for which it was liable, nor does it appear that the sum agreed upon was to be paid before it would have otherwise fallen due, or that there was any consideration whatever for the agreement to take the amount fixed upon by the adjuster and Warneke. If, therefore, the controversy were between the latter and the company, it might be a question whether or not the agreement relied on was supported by any consideration whatever. It may be that the sum agreed upon was in fact the proportion which the appellant company was liable to pay, in view of the subsequent insurance, but the pleadings involved are based upon the assumption that it was less, and that the agreement was binding.

Where the amount of a debt or liability is ascertained and uncontroverted, an agreement that the debtor may discharge his obligation by the payment of a sum less than the amount due, will not be enforced, unless it is supported by some new or independent consideration. *Laboyteaux* v. *Swigart,* 103 Ind. 596.

In order that an executory contract growing out of a compromise may be enforced, there must have been an actual dispute founded upon a colorable right. *U. S. Mortgage Co.* v. *Henderson,* 111 Ind. 24.

Moreover, while it was entirely competent for Warneke to

make proof of the loss, when called upon for that purpose by the adjuster, it was beyond his power, unless specially authorized, to bind the plaintiffs, after he had assigned the policy to them, by any agreement with the company as to the amount which should be accepted as a satisfaction of its liability.

Without pausing to refer to the evidence in detail, it is sufficient to say it fully sustains the decision of the court. *American Ins. Co.* v. *Replogle*, 114 Ind. 1, and cases cited.

The judgment is affirmed, with costs.

Filed Dec. 19, 1888.