The Norwich Union Fire Insurance Society *v.* Girton.

No. 14,300.

THE NORWICH UNION FIRE INSURANCE SOCIETY *v.* GIRTON.

INSURANCE.—*Action on Policy.—Proof of Loss.— Waiver.*—Where an insurance company, after being notified by the insured of the loss, obtains possession of the policy and refuses to pay or adjust the loss, and so notifies the insured, proof of loss is waived by the company, and it is estopped to set up the failure to furnish proof as a breach of the policy.

SAME. — *Compromise.—Fraud.—Settlement must be Rescinded before Suit.*—Where a compromise is effected on an insurance policy, and a receipt in full executed, and the policy surrendered, while the settlement stands unrescinded, although it may have been obtained by fraud, no action can be maintained on it. The insured must at least rescind, or offer to rescind, and tender back the money received on the contract or settlement, before he can bring his suit.

INTERROGATORIES TO JURY.—*Signature of Foreman.* —Where the general verdict is signed by the foreman, with the word " foreman " affixed to the name, and the interrogatories and answers are signed in the same name, but with the word " foreman " omitted, the objection can not be maintained that the interrogatories and answers are improperly signed.

From the Elkhart Circuit Court.

*J. H. Baker, J. D. Defrees* and *F. E. Baker,* for appellant.

*H. C. Dodge,* for appellee.

OLDS, J.—This was a suit to recover for a loss under an insurance policy, issued to appellee by appellant. There were two items covered by the policy, one of $500, on a general stock of notions and millinery goods; the other, $200, on household goods. This suit is for the loss of the notions and millinery goods.

The complaint alleges the destruction of the property by fire, and then it alleges that the plaintiff, the appellee, " had performed all the stipulations and conditions of said policy on his part to be performed, except to furnish proof of said loss to defendant; which proof of loss plaintiff did not furnish because of that, within five days after said loss occur-

red, said defendant, well knowing said loss, and having been notified thereof by plaintiff without the knowledge or consent of plaintiff, obtained possession of said policy, and notified plaintiff that it, defendant, would not adjust, settle, or pay said loss, or any part thereof, and has ever since said time retained possession of said policy and refused to do anything, or take any steps looking toward ascertaining, adjusting, settling or paying said loss ; and since said obtaining possession of said policy, and refusing to adjust or settle said loss, more than sixty days have elapsed, and therefore plaintiff says that on the 15th day of June, 1885, defendant became indebted to plaintiff in the sum of $500."

The appellant filed a motion to make the complaint more specific, by requiring the plaintiff to state :

1st. Whether the alleged waiver of proofs of loss was oral, or in writing.

2d. What officer or agent of defendant waived, or undertook to waive, proofs of loss by plaintiff, for that defendant had many officers and agents, and could not, from the complaint, tell what officer, or agent, made the waiver pleaded.

The court overruled the motion, to which ruling appellant excepted, and the question is properly presented, and the ruling is assigned as error.

There was no error in overruling this motion. The complaint alleged that the appellant had been notified by the appellee of the loss, and the appellant took possession of the policy and refused to adjust or pay the loss, and notified appellee that it would not adjust or pay the same ; under this state of facts the appellee had the right to believe that proof of loss was unnecessary, and would be of no avail ; and it was a waiver on the part of the appellant, and it is estopped from setting up such breach of the policy. See 2 Wood Fire Ins. (2d ed.), section 445. *Commercial, etc., Ins. Co.* v. *State, ex rel.,* 113 Ind. 331 ; *American, etc., Ins. Co.* v. *Sweetser,* 116 Ind. 370 ; *Aurora Fire, etc., Ins. Co.* v. *Kranich,* 36 Mich. 289.

The Norwich Union Fire Insurance Society v. Girton.

The complaint in this suit declared upon the policy. The appellant filed an answer in five paragraphs. The fifth paragraph avers that after the loss a controversy arose as to the liability of the defendant, and that to compromise and settle all questions of liability, the defendant paid, and plaintiff accepted, $7 in cash, in consideration of which plaintiff surrendered the policy and released all causes of action arising therefrom, which said release was in writing, and is made a part of said paragraph of answer, and is in the following words and figures:

"BRISTOL, IND., April 20th, 1885.

"Received of the Norwich Union Fire Insurance Society of London, England, seven dollars, the same being the original premium on the within policy, which policy is hereby surrendered to said society, and full compromise settlement and all claims for loss or damages forever waived.

(Signed)     "L. H. GIRTON.
Witness:                              "Per C. M. GIRTON.
"H. H. HOBBS.
"JOHN H. VIRGIL."

The appellee replied to the fifth paragraph of answer by a denial under oath, also replied to said paragraph of answer in another paragraph of reply, alleging that at the time of the loss plaintiff was sick, and unable to transact business; that defendant's agent, Hobbs, proclaimed in the neighborhood that plaintiff set fire to his own property; that he came with the town marshal to plaintiff's house and threatened plaintiff with arrest unless he would surrender the policy and receipt the same as paid; that plaintiff was unconscious, and his wife, because of fear for plaintiff's safety, surrendered the policy and signed the receipt set out in the fifth paragraph of answer, and took the $7; that when plaintiff ascertained this he refused to accept, and he never has accepted, said $7.

There were other paragraphs of answer and reply.

The cause was submitted to a jury for trial, and the jury

returned a general verdict for the appellee, assessing his damages at $500, with interest from the time of first suit at six per cent.

At the request of the appellant the court submitted interrogatories to the jury, to be answered in case they agreed upon a general verdict, and the jury returned the interrogatories and answers. It is objected by counsel for appellee that the interrogatories can not be considered, for the reason that they are not properly signed by the foreman. The record shows the interrogatories and answers to have been returned by the jury, and they are signed by John J. McDonald, but the word "foreman" is not added to his name, but his name is properly signed as foreman to the general verdict. This objection we do not think is well taken. It is clearly manifest that the interrogatories were properly submitted to the jury and answered by them, and signed by the foreman.

The interrogatories and answers are as follows:

"1. Did not the defendant, by its agent, pay, on April 20th, 1885, to the wife of the plaintiff, and in his presence and with his knowledge and consent, the sum of seven dollars? Answer. Yes.

"2. Did not the plaintiff's wife, at the request of plaintiff, sign the settlement receipt, or release, which is copied in the fifth paragraph of the defendant's answer? Answer. Yes.

"3. Did not the plaintiff, before the release was written on the policy of insurance, and the money paid therefor, state to defendant's agent that he was able to attend to the business? Answer. Yes.

"4. Were any threats used by the defendant or its agents to induce the plaintiff to accept the seven dollars and execute the release written on the policy? Answer. Yes.

"5. If you say any threats were used by defendant or its agents, state just what the threats were in full. Answer. By threatening to sue for the recovery of the policy on the ground of burning his own goods..

" 6. Was the plaintiff induced or procured to execute the release written on the policy of insurance, and to accept the seven dollars, by any false representations or fraud on the part of the defendant or its agents? Answer. Yes.

" 7. If you say in answer to the last question there were false representations or fraud, state every such representation or fraud. Answer. By stating to plaintiff that he had heard people say that he had burned his own stock of goods, and that he was of the same opinion.

" 8. Has the plaintiff, at any time before he brought this suit, offered back said seven dollars paid to his wife for him? Answer. No.

" 9. Has not the defendant been in the possession of said policy of insurance from the time it was released until the bringing of this suit? Answer. Yes.

" 10. Did the plaintiff, at any time before this suit was brought, ever notify the defendant, or any agent of defendant, that he repudiated said settlement and release, and that he rescinded said release and settlement? Answer. No.

" 11. Was not the seven dollars paid for said release and settlement used for household expenses of the plaintiff? Answer. Yes."

The appellant moved for a judgment on the answers to interrogatories, notwithstanding the general verdict.

The motion was overruled, and the appellants excepted and the question is properly saved and presented to this court. It is contended by the appellant that the court erred in overruling the motion.

In this ruling there is manifest error. The interrogatories, and answers thereto, show that after the loss the appellant's agent visited the appellee, contending that the appellant was not liable to pay the loss, for the reason that appellee had destroyed his own property, and made a settlement and paid appellee the seven dollars, the amount of premiums appellee had paid upon the policy, or rather paid it to the wife of appellee, by appellee's direction, and by his direc-

tion she signed a receipt in settlement for the loss, and surrendered the policy. Though there may have been fraud on the part of the appellant, in obtaining that settlement, while the settlement stands unrescinded, no action can be maintained on the policy. Appellee can not retain the benefit of the compromise and sue on the original contract. He must, at least, rescind, or offer to rescind, and tender back the money received on the contract of settlement before he can bring suit on the policy. He can not ignore the settlement and bring suit on the policy. The case of *Home Ins. Co.*v. *Howard*, 111 Ind. 544, is very much like the one under consideration. In that case a compromise was made, a release executed, and the policy surrendered in consideration of $25, and it was claimed that the settlement and release had been procured from the insured while laboring under physical and mental distress, by the false and fraudulent representations of the company's agent. It was held that an action could not be maintained on the policy while the contract of settlement remained unrescinded, though the compromise may have been procured by fraud.

In the case of *Cates* v. *Bales*, 78 Ind. 285, the same doctrine is enunciated. In this case the money was paid to the wife of the appellee, and the receipt executed by her in the name of the appellee, and he is as much bound by it as if he had received the money and signed the receipt in person.

The appellant also moved for a *venire de novo*, for the reason that the verdict is so defective, uncertain, and ambiguous that no judgment can be rendered thereon, and that the verdict does not assess appellee's damages; which motion was overruled and exceptions reserved, and judgment rendered in favor of appellee for $542.50. Appellant also moved for a new trial, assigning various reasons, which motion was overruled, and exceptions taken.

As the judgment will have to be reversed for the error in overruling appellant's motion for judgment on the interrogatories, and answers thereto, notwithstanding the general

verdict, it is unnecessary to consider the other questions presented.

In the opinion of the court justice will be best subserved by a reversal of the judgment, with instructions to grant a new trial.

Judgment reversed, at costs of appellee, with instructions to the court below to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed June 4, 1890.