Filed June 16, 1896.

---

No. 1,843.

NATIONAL LIFE, MATURITY INSURANCE COMPANY
*v.* WHITACRE.

PRACTICE,—*Instructions to Jury Rendered Immaterial by Answers to Interrogatories.—Insurance.*—A refusal to give an instruction concerning false answers and representations made by the assured in her application for insurance, is rendered harmless by a finding of the jury, in answer to interrogatories, that none of the answers or representations made by the assured were false.

INSURANCE.—*Proof of Death.—Waiver Of.*—Where proofs of death are received by the insurer, and no objections are made to the same at the time, but liability denied upon other grounds, such action will constitute a waiver of the requirement for strict proof.

From the Henry Circuit Court.

*C. E. Shiveley*, for appellant.

*T. Jessup, J. Brown* and *W. Brown*, for appellee.

REINHARD, J.—The appellee brought this action against the appellant, in the Wayne Circuit Court, on a policy of insurance on the life of his wife. The defendant answered the general denial and certain breaches of warranties as to the truth of statements made in the application of the insured, and in the ex-

amining physician's statement. A reply in denial closed the issues.

Appellant complains of the ruling of the court in refusing to give certain instructions requested by the appellant.

One of the instructions asked and refused is as follows:

"If you believe that Mrs. Whitacre represented to the defendant company, in her application for insurance, that she was in sound health at the time of making her application for insurance, or if you believe that she represented to the examining physician that her health was good and that she had no disease, and if you further believe that at said time she had had chronic sore throat, or any other of the diseases inquired about, then the plaintiff cannot recover, and your verdict should be for the defendant."

In the jury's answers to interrogatories, they found that at the time of the application of the insured for the policy in suit, she was in good health; that she had not had inflammation of the lungs or sore throat; was not subject to shortness of breath, etc. Hence, if the instruction was proper, the refusal to give it was rendered harmless by the jury's answers to interrogatories. *Huber* v. *Beck*, 6 Ind. App. 484, 485; *Dickey* v. *Shirk*, 128 Ind. 278, 287; *Keller* v. *Reynolds*, 12 Ind. App. 383.

Other instructions upon the subject of warranties and representations, alleged to have been made by the insured, and which were alleged to be false, were likewise rendered immaterial by the jury's answers to interrogatories. The jury found, in substance, that none of the answers made by the insured in her application, or to the medical examiner, in relation to her health and that of her father, were false.

The same may be said of the instructions concern-

ing the materiality of the answers of the insured in her application. If false answers were not in fact made, their materiality cannot become important, and it makes no difference whether such answers were mere representations or warranties.

It is insisted that error was committed by the court in admitting in evidence a book of receipts, purporting to show the various credits for payments of premiums by the insured to the appellant.

There was sufficient evidence that Edward B. Watson, J. W. Dill, and J. S. Robertson, who seem to have receipted the various amounts from time to time, were agents for the company. No complaint seems ever to have been made by the company that the premiums on this policy, or any of them, were unpaid. There was no claim that the policy had ever been forfeited, by reason of failure to pay a single premium. If the appellant did not receive these premiums, it is strange that some complaint was not made of the fact before the death of the insured. The pass-book has all the *indicia* of emanating from appellant's office. A letter from appellant to appellee, introduced in evidence, tacitly admits the receipt of these payments, by directing future payments to be made to the home office. Under these circumstances, it comes with ill grace from the appellant to question the genuineness of these receipts, or to claim that the persons who received the premiums were not the authorized agents of the company.

The appellant offered to prove, by a physician who treated her in her last illness, that the insured died of consumption. The exclusion of the proposed testimony, it is insisted, was error. As it was found by the jury that the deceased died of "hasty consumption," we do not see how the appellant could have been harmed by the ruling.

The court, over appellant's objection and exception, permitted the appellee to introduce in evidence, in rebuttal, a photograph of Mrs. Alice Whitacre, the deceased, which was shown to have been taken about a year before she died.

It was insisted that this evidence was competent, as it tended to rebut the testimony of certain witnesses who stated that about two years before she died they saw the deceased going about the streets of Richmond, and that she was then poor and emaciated, and appeared diseased and unhealthly.

We very much doubt whether this photograph was competent as evidence, tending to prove the appearance of the insured. *Brown* v. *Metropolitan Life Ins. Co.* (Mich.), 32 N. W. Rep. 610.

It is difficult to conceive, however, how its introduction could have harmed the appellant. It is not shown in what respect it was used to influence the jury to the appellant's prejudice.

The appellant further insists that there was no proof of death made, and that, therefore, its motion to direct a verdict for the appellant should have been sustained. In the assumption that the proof referred to was not made, we think counsel are in error. The appellant's inspector and claim adjuster, Kerlin, while on the stand, was asked if the company received notice of death, to which he answered in the affirmative. He also testified that he began an investigation of the claim "when the proofs of death were turned over to " him, "the proofs as sent in by Mr. Whitacre."

It did not appear that any objection was made to the sufficiency of the proofs of death by the company upon receiving the same. They proceeded to "investigate" the loss, and denied their liability upon other grounds. There was, therefore, a waiver of the re-

quirement for strict proof. *Continental Ins. Co.* v. *Chew,* 11 Ind. App. 330.

There is no available error in the record.

Judgment affirmed.

Filed April 23, 1896; petition for rehearing overruled June 16, 1896.