RICHMOND INSURANCE COMPANY OF NEW YORK
*v.* BOETTICHER ET AL.

[No. 15,684. Filed February 17, 1938. Rehearing denied June 29, 1938. Transfer denied September 30, 1938.]

*Samuel Levin, William L. Mitchell* and *Embree & Baltzell*, for appellant.

*Milford M. Miller* and *William C. Welborn*, for appellees.

KIME, J.—This was an action by appellees to recover on an insurance policy for loss occasioned by explosion. The complaint alleged (in addition to other necessary allegations) that appellees had other insurance and the

loss was to be pro-rated; that on December 19, 1932, an explosion occurred in their oil burner which caused soot and oil to be thrown over personal property and damage to the building, all of which were covered by the policy; that immediate notice of said loss was given appellant; that on February 17, 1933, due proof of loss was made and that all conditions on the part of appellees to be performed had been performed.

Appellant answered by general denial and a second paragraph which alleged that the policy was void because appellees, in submitting sworn proof of loss as required by the policy, had deliberately and fraudulently overstated the amount of the loss. To this second paragraph of answer appellee replied in general denial.

There was a trial to a jury, a verdict for $750.00 was returned, and judgment was entered thereon.

The overruling of appellant's motion for a new trial, the grounds that are projected into the brief being: (1) that the court erred in refusing to withdraw submission from the jury for misconduct of counsel; (2) that the assessment of the recovery was too large; (3) that the verdict was not sustained by sufficient evidence; (4) that the court erred in refusing to give certain instructions tendered by appellant; and (5) that the court erred in giving certain instructions tendered by appellees, is the error assigned.

There is a very grave question as to whether or not the appellant has presented any question whatsoever by its brief, which, under the points, propositions and authorities, seems to state nothing but abstract propositions of law; however, since a correct result was reached below we will resolve the doubt in favor of the appellant and discuss some of the points attempted to be presented.

Under the proposition as to misconduct of counsel it appears from the brief that one of the attorneys for

the appellees was examining a witness and evidently asked the witness this question, "Say anything about who was behind the investigation?" and then in some manner not disclosed asked the following, "May it be understood that the insurance company sent for him?" It is not shown to whom this was addressed, whether it was to the witness he was interrogating or to one of the attorneys representing the insurance company, or whether it was said in a loud voice so as to be audible to the jury or in a whisper to opposing counsel. It is not shown but that the court immediately admonished the jury to disregard such action. To make available misconduct of counsel by merely moving to set aside submission is not sufficient. The moving party must also state reasons therefor and show the trial court that the harm can not be cured by some action of the trial court. No reasons having been shown by the brief to have been advanced we can not say that the matter here was prejudicial to such an extent as to necessitate a reversal. *Ramseyer* v. *Dennis* (1918), 187 Ind. 420, 440, 116 N. E. 417, 119 N. E. 716. Of course such conduct seems improper but its effect was not necessarily incurable. It seems that the only relief to which appellant was entitled was to have the jury admonished to disregard it. Since it is not apparent whether this was done the appellant can not complain. *Lake Erie and Western R. R. Co.* v. *Howarth* (1920), 73 Ind. App. 454, 470, 124 N. E. 687, 127 N. E. 804.

As to the assessment of the amount of recovery the appellant contends that under the policy the loss should be determined according to actual value with proper deduction for depreciation; that this was not done and that, consequently, the amount assessed is too large. However the policy provides that the amount recovered "shall in no event exceed what it would then cost the insured to repair or replace the

same with material of like kind and quality." There is evidence from which the jury was warranted in concluding that it would necessitate the amount awarded to replace the loss sustained with material of like kind and quality.

Under the ground of the motion for new trial that the decision is not sustained by sufficient evidence the appellant is evidently trying to present the idea that the policy provided that written notice of loss should have been given in five days; that a sworn proof of loss should have been given in sixty days and that they were not given. In the first place it is questionable whether such provisions were applicable to this kind of a loss as these provisions were specifically applicable to fire losses. In such a situation where two interpretations equally fair may be made from the prosions of the policy that interpretation supporting indemnity will be adopted. If this view is adopted no necessity for a strict construction of notice and proof of loss appears. However, there was evidence from which the jury was warranted in believing that a strict compliance with these provisions was observed. In addition to these two reasons for sustaining the trial court in this regard it appears that the appellant received the notice and proof and did not deny liability or refuse payment because of the insufficiency of either but because of false and fraudulent over-valuation made by the appellees in their sworn proof of loss. A denial of liability on specified grounds is a waiver as to defects in or absence of the notice or proofs furnished. *Aetna Ins. Co.* v. *Shryer et al.* (1882), 85 Ind. 362; *National Life Maturity Ins. Co.* v. *Whitacre* (1896), 15 Ind. App. 506, 43 N. E. 905.

The policy provides that "The entire policy shall be void . . . in case of any fraud or false swearing by the

insured touching any matter relating to this insurance . . ." We believe appellant contends there was fraud and false swearing in the proof of loss submitted and that the jury had no right to take into consideration the good faith or honest intention of the insured in making such statements. The appellant cites authority from other jurisdictions to sustain that view but he apparently overlooks the fact that this precise issue was submitted to the jury by the second paragraph of answer and decided adversely to the appellant by the verdict and there is evidence to sustain such finding. Long ago our Supreme Court in *The Citizens Fire and Marine Ins. Co.* v. *Short* (1878), 62 Ind. 316, 320, said, " '. . . a knowing and wilful overvaluation of property by the insured, with a view and purpose of obtaining insurance thereon for a greater sum than could otherwise be obtained, is a fraud upon the insurance company that avoids the policy. . . . It is a question of good faith and honest intention on the part of the insured; and though he may have put a value on his property greatly in excess of its cash value in the market, yet if he did so in the honest belief that the property was worth the valuation put upon it, and the excessive valuation was made in good faith, and not intended to mislead or defraud the insurance company, then such overvaluation is not a fraudulent overvaluation that will defeat a recovery.' "

". . . although it was stipulated in the policy in this case that, if there was an 'overvaluation' of the property insured 'this policy shall be void,' yet it cannot be said, as matter of law, we think, that the mere overvaluation of the insured property, however gross it might appear to have been, was necessarily and conclusively wilful and fraudulent. The instruction utterly ignores the fact that the appellee might have been mistaken, grossly even, yet honestly, in his valuation of his

buildings, upon which he sought insurance. It is not uncommon nor unnatural for the owner of property to entertain, honestly, more enlarged views of the value thereof, than perhaps he would if he had no proprietary interest therein. . . . If the overvaluation was gross, that fact might properly be considered by the jury as evidence, but not as conclusive evidence, of the wilful, false and fraudulent character of the overvaluation," and cited as authority *Franklin Fire Ins. Co.* v. *Vaughn* (1875), 92 U. S. (2 Otto.) 516.

This same question is the basis of the appellant's objection to the giving of instructions numbered one to five, inclusive. Consequently, by the same reasoning, there was no error in giving such instructions.

This is also true of the court's refusal to give instructions numbered 22, 23, and 25 requested by appellant. These proposed instructions expressed the view of appellant as to the false and fraudulent swearing and were correctly refused.

These are the only instructions specifically discussed and the error as to others assigned is specifically waived.

No reversible error having been shown, the judgment of the Gibson Circuit Court is in all things affirmed.