VAN HOUTEN *v.* METROPOLITAN LIFE INSURANCE CO.

1. WRITTEN INSTRUMENTS—PRESUMPTION AS TO KNOWLEDGE OF CONTENTS.

   The presumption that one signing a written instrument had read it over, and was acquainted with its contents, may be rebutted by evidence of circumstances fairly tending to show that he was misled in that regard by the conduct of the other party.

2. LIFE INSURANCE — APPLICATION—FALSE REPRESENTATIONS — ESTOPPEL.

   False answers written in an application for life insurance by the agent of the insurer in reliance upon his own knowledge will not avoid the policy, where the application was signed by the insured after answering other questions, and without knowing that the former answers were contained therein. *Temmink* v. *Insurance Co.*, 72 Mich. 388, followed.

Error to Kent; Grove, J. Submitted October 21, 1896. Decided November 17, 1896.

*Assumpsit* by Anna Van Houten, administratrix of the estate of Adrian Van Houten, deceased, against the Metropolitan Life Insurance Company, upon a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

The life of plaintiff's husband was insured with the defendant. Upon his death payment was refused, and plaintiff brought this suit, in which she recovered verdict and judgment. The defendant gave notice, with its plea, that the policy of insurance was issued upon a written application signed by the deceased, in which it was agreed that the policy should be void unless the answers and representations contained in the application were true; that the answers and representations were false, in

that they stated that the deceased had never been ill, that he had never had or been subject to disease of the heart or rheumatism, and that he was in sound health; and that the assured was not at the time in sound health, but had been subject to rheumatism, heart disease, and other diseases.   Defendant requested the court to direct a verdict for it, for the reason that the application was untrue, and the assured was not in sound health at the time. The question was left to the jury, under the instruction that the assured was bound to know the contents of the application signed by him, upon which the policy was based, and that he was bound by all the statements therein, unless it was shown that a mistake was made in transcribing them, or that he was misled in making answers to the questions.   The application was in printing, the name and answers alone being in writing.   It warranted the representations and answers to be true, and provided that the policy should be void if they were not true.   It was filled out by the agent of the defendant at the home of the deceased.   The defendant introduced the application, which was made a part of the policy, and evidence tending to show that the deceased had, prior to the application, been afflicted with rheumatism.   Plaintiff then introduced the agent of the defendant who procured the insurance, and upon his testimony the question must be determined.   He testified that he asked the assured his name, the number of his house, his occupation, when and where he was born, his next birthday, how much insurance he wanted, and for whose benefit, the age of his father and mother, and their condition of health, whether he had been vaccinated, his personal appearance, height, and weight; that he (the agent) filled out all the other questions without asking them; that he did not read it to him; that he asked him to sign it, and he did.   Among the questions which the agent testified he answered himself were those as to his health and the numerous diseases mentioned in the application. On cross-examination he testified that he could not tell

whether the assured read it or not; that he could have read it, had he wished to; that he looked it over, and signed his name.

*Fletcher & Wanty*, for appellant.

*G. H. Albers* (*C. O. Smedley*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). Counsel for plaintiff contend that this case is ruled by *Temmink* v. *Insurance Co.*, 72 Mich. 388. Counsel for the defendant contend that the assured is presumed to have read what he signed, and that there was no evidence that he did not read it, and did not know the contents of the application; that he had an opportunity to read it, and, if he chose not to do so, he must be held responsible for any false representations therein contained,—and cite *Cleaver* v. *Insurance Co.*, 65 Mich. 527 (8 Am. St. Rep. 908), 71 Mich. 414 (15 Am. St. Rep. 275). The only difference between the facts in the *Temmink Case* and this is that the assured looked over the application. The assured in that case had the same opportunity to look over the application, for she had it in her possession to sign. The agent in this case had known the deceased for eight or nine years, had no knowledge of his being ill before the illness which resulted in his death, and, relying upon his own knowledge of the life of the assured, chose to answer these questions himself, without interrogating him, or calling his attention to them, or informing him that there was any importance to be attached to them. In fact, it does not appear that he informed him that there were any other questions to answer, while those he answered were answered correctly. The applicant had the right to assume that all the questions were asked, and was under no obligation to read the paper to ascertain if there were others. The application was in very small type, and very closely printed. The questions and answers were below the application, and were 22 in number. While every person is presumed to have read what he has signed, still we think that there

was testimony in this case from which the jury might legitimately infer that the assured was misled by the agent of the defendant in making the application. We are therefore of the opinion that this case is ruled by *Temmink* v. *Insurance Co.*, and that the judgment must be affirmed.

The other Justices concurred.