CLARK v JOHN HANCOCK MUTUAL LIFE INSURANCE
COMPANY

Docket No. 106424. Submitted May 11, 1989, at Detroit. Decided July 7, 1989.

Daniel Clark, a self-employed carpenter insured for total disability by John Hancock Mutual Life Insurance Company, suffered a severe injury to his right hand while using a table saw. John Hancock rejected Clark's subsequent claim for benefits on the ground that Clark had misrepresented his medical history when applying for the policy of insurance by failing to disclose that he had experienced epilepsy during childhood. Clark brought an action in Wayne Circuit Court against John Hancock. The court, John H. Gillis, Jr., J., granted summary disposition in favor of defendant, ruling that there existed no genuine issue of material fact and defendant was entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. A misrepresentation on an application for disability insurance may avoid the contract of insurance or defeat recovery thereunder where the misrepresentation is material, i.e., where knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract. Here, the trial court did not err in granting summary disposition in favor of defendant since plaintiff, in responding to defendant's motion, failed to carry his burden of showing that genuine issues of fact existed as to whether a misrepresentation was made and whether the misrepresentation was material.

2. Defendant's rejection of plaintiff's claim for benefits is within the scope of defendant's express reservation of the right to void coverage where any of the statements and answers to its questionnaire are not, to the best of the applicant's knowledge and belief, complete and true representations.

Affirmed.

REFERENCES

Am Jur 2d, Insurance §§ 1012-1014, 1018, 1058.
See the Index to Annotations under Health and Accident Insurance.

1. INSURANCE — DISABILITY INSURANCE — MISREPRESENTATIONS — STATUTES.

   A misrepresentation on an application for disability insurance may avoid the contract of insurance or defeat recovery thereunder where the misrepresentation is material, i.e., where knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract (MCL 500.2218[1]; MSA 24.12218[1]).

2. INSURANCE — DISABILITY INSURANCE — MISREPRESENTATIONS — RESERVATION OF RIGHTS.

   A disability insurer which has expressly reserved the right to void coverage where any of the statements and answers to its questionnaire regarding an insured's medical history are not to the best of the insured's knowledge and belief complete and true representations may void the policy because of a misrepresentation by the insured that he had not suffered from a particular medical condition even where there is no causal relation between the undisclosed condition and a subsequent disability.

*Colista, Adams, Dettmer & Palmer, P.C.* (by *Robert W. Palmer*), for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Francis R. Ortiz*), for defendant.

Before: HOOD, P.J., and BEASLEY and SHEPHERD, JJ.

PER CURIAM. Plaintiff, Daniel Clark, a self-employed carpenter and president of his own construction company, purchased from defendant, John Hancock Mutual Life Insurance Company, a total disability insurance policy. A few months after issuance of the policy, plaintiff suffered severe injuries when his right hand became entangled in an operating table saw. Defendant denied benefits on the ground that plaintiff had misrepresented his medical history in applying for the policy. Plaintiff sued, but the trial court granted summary disposition in favor of defendant under

MCR 2.116(C)(10). Plaintiff appeals as of right, raising three issues, none of which merits reversal.

First, was a factual issue raised as to whether plaintiff had made any false representation on the insurance application? Plaintiff's completed application did not inform defendant that plaintiff had experienced epilepsy during his childhood.[1] The pertinent part of the application was completed during plaintiff's visit with a registered nurse working for defendant. Following a brief physical examination, the nurse verbally asked plaintiff the questions on the application questionnaire and recorded his answers. Specifically, per plaintiff's deposition testimony, the nurse read through the entire questionnaire aloud and, then, went through it again and asked the questions individually. The relevant questions dealing with plaintiff's medical history were as follows:

|  |  | Yes | No |
|---|---|---|---|
| 2. | Ever been treated for or had any known indication of: <br> * * * |  |  |
| b. | Dizziness, fainting, convulsions, headache; speech defect, paralysis or stroke; mental or nervous disorder? <br> * * * | [ ] | [X] |
| 6. | Other than above, within the past 5 years: |  |  |
| a. | Had any mental or physical disorder not listed above? | [ ] | [X] |

Plaintiff claims that, when he answered, he was under the impression that all of the questions

---

[1] The completed application also did not inform defendant that plaintiff had twice been treated for a sore back. However, defendant's claims as to the materiality of the alleged misrepresentations focus only upon plaintiff's childhood epilepsy. Accordingly, we apply a similar focus to our analysis here.

covered only the preceding five years. However, as previously indicated, the entire questionnaire was read aloud to him and, in particular, the prefatory language of question 2. Plaintiff claims that he, himself, never actually read the questionnaire before signing it.

However, had plaintiff read the questionnaire, he would have understood the true scope of the questions posed. While the questions must be liberally construed in favor of plaintiff,[2] the language of the form is clear in its inquiry as to whether the proposed insured had "ever" been treated for convulsions, etc. Plaintiff's negative response to this question (viewed in its proper context) was untrue. Plaintiff, nevertheless, signed the questionnaire attesting to the truth and completeness of his responses. As stated by the Supreme Court in *Komraus Plumbing & Heating, Inc v Cadillac Sands Motel, Inc,*[3] "[i]t was his duty to examine the contract, to know what he signed, and [the other contracting party] cannot be made to suffer for this neglect on his part."[4] Viewed in this light, it cannot be said that a genuine factual issue existed as to whether plaintiff made a false representation on the application.

Second, was there a genuine issue of fact as to whether plaintiff made a *material* misrepresentation? MCL 500.2218(1); MSA 24.12218(1) provides:

No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless the

---

[2] *Mutual Benefit Life Ins Co v Abbott,* 9 Mich App 547, 552; 157 NW2d 806 (1968).

[3] 387 Mich 285, 291; 195 NW2d 865 (1972), quoting *Liska v Lodge,* 112 Mich 635, 637-638; 71 NW 171 (1897).

[4] See also *Bonewell v North American Accident Ins Co,* 167 Mich 274, 276; 132 NW 1067 (1911); *Van Houten v Metropolitan Life Ins Co,* 110 Mich 682, 684; 68 NW 982 (1896) (exception to this rule where the insured was misled as to the contents of the application).

misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract.

Defendant attached to its motion the affidavit of one of its underwriting consultants, which stated in pertinent part as follows:

10. In evaluating disability insurance risks, underwriters at John Hancock rely upon the Personal Health Medical Manual (the "Manual"). This Manual describes several classifications of illnesses and provides guidelines for underwriters responding to applications from persons suffering from medical problems. . . . In this Manual, descriptions and definitions are given for medical problems.

\* \* \*

12. The rating schedule for persons suffering from ailments such as epilepsy is set forth on page 60 of the Manual. That chart indicates for for [sic] persons who have suffered seizures, no policy of this type would have been issued. Because Daniel B. Clark had been under treatment, he would have been treated as those who had suffered from epilepsy, and his application would have been denied.

Plaintiff countered with the affidavit of an independent underwriter stating that, under insurance industry standards, plaintiff's history of epilepsy would *not* render him an uninsurable risk. However, while suggesting that insurance companies, generally, might have insured plaintiff, plaintiff's affiant notably did not suggest that this defendant would have or might have insured plaintiff had it known of his history of epilepsy.

The appropriate focus of our materiality analysis is the reliance or nonreliance of the particular

insurance company involved. MCL 500.2218(1); MSA 24.12218(1) refers to misrepresentation of facts which, if known by "the" insurer, would have led to refusal by "the" insurer. In *Mannino v Dominion Life Assurance Co*,[5] the federal district court for the eastern district of Michigan stated:

> It is not relevant to this inquiry that other insurance companies might have, or would have, issued a policy of insurance to [the plaintiff]. Evidence that other insurance companies may have applied [defendant insurance company's] underwriting manual in a different manner, or that certain physicians, in making marks on medical records, did not mean to suggest that certain severe conditions were present, is irrelevant at this point. This Court must ask whether this insurance company would have issued the policy that has been sued upon in the absence of certain misrepresentations by [plaintiff].

The court went on to grant the defendant insurance company's motion for summary disposition, stating:

> [I]nasmuch as Michigan has made the meaning of "materiality" turn on subjective considerations, a Plaintiff must produce evidence, in the form of affidavits or otherwise, which suggests that the insurance company would have issued the policy had the correct information been provided. In the present case, Plaintiff might have elected to determine whether [the defendant] had ever issued a policy, which was similar to the subject contract, under similar factual circumstances. But having elected not to seek that discovery, and, instead, having insisted on proceeding as though an objective standard governed the meaning of "materiality" (i.e., whether any insurance company would have issued any coverage to [the plaintiff]), Plain-

---

[5] 539 F Supp 323, 327 (ED Mich, 1982).

tiff cannot survive [the defendant's] Motion for Summary Judgment.[6]

In ruling on a motion based on MCR 2.116(C)(10), the trial court must give the benefit of all reasonable doubt to the party opposing the motion in determining whether a genuine issue of material fact exists and grant the motion only if satisfied that it is impossible for the claim to be supported at trial due to an insurmountable deficiency.[7] When making such a motion, the moving party must submit some sort of documentary evidence in support of the grounds it asserts.[8] The party opposing the motion then carries the burden of showing that a genuine issue of disputed fact exists.[9] In making that showing, the nonmoving party may not rest upon the allegations or denials of his pleading; rather, he must, by affidavit or other documentary evidence, set forth specific facts showing that a genuine issue for trial exists.[10] If the nonmoving party fails to make such a showing, summary disposition is proper.[11]

Here, defendant supported its motion with an affidavit by one of its underwriting consultants unequivocally stating that defendant would have rejected plaintiff's application for insurance had it known of plaintiff's history of epilepsy. The affidavit submitted by plaintiff in his response, stating that the "industry" would not deem plaintiff uninsurable on the basis of his epilepsy, did not contradict the contents of the affidavit submitted by defendant. It did not assert or suggest that *defen-*

---

[6] *Id.*

[7] *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988).

[8] MCR 2.116(G)(3)(b).

[9] *Metropolitan Life Ins Co, supra* at 118.

[10] MCR 2.116(G)(4).

[11] *Metropolitan Life Ins Co, supra* at 118-119.

*dant* would have insured plaintiff had it known his complete medical history. As the court found in *Mannino, supra,* we too find here. Plaintiff failed to show the existence of a genuine issue of fact regarding the materiality of the misrepresentation.

Finally, plaintiff contends that, under the terms of defendant's policy, the misrepresentation would not warrant declaring the policy void ab initio. A provision of the policy provided that defendant would not be liable for benefits for any disability "due to" a physical condition misrepresented or not disclosed in the application. Plaintiff argues that this was defendant's sole remedy for any misrepresentation in the application and that, since plaintiff's disability was not "due to" his undisclosed epilepsy, defendant was obligated to pay him benefits. However, defendant did also specifically retain the right to void the policy in the event of misrepresentation. The application for insurance included the following language:

AGREEMENT

A. All of the statements and answers in this Part A are, to the best of my knowledge and belief, complete, true and correctly recorded. They are representations and not warranties. This Part A, together with all Parts B [relating to medical history] of this application, shall form the basis for and be a part of any policy issued in consideration hereof.

B. . . . *[I]f any of the statements and answers set forth in Parts A and B* [relating to medical history] *of this application are not, to the best of my knowledge and belief, complete and true* as representations as though given at the time of such receipt and payment, *the Company shall have the right to void the policy.* This right is subject to the Incontestability provision of the policy. [Emphasis added.]

Thus, defendant expressly reserved the right to void the policy. That reservation was not limited to situations in which there is a causal relation between the undisclosed condition and the subsequent disability, nor will we read such a limitation into defendant's reservation.[12]

The trial court's order granting summary disposition in favor of defendant is thereby affirmed.

Affirmed.

---

[12] See *Wickersham v John Hancock Mutual Life Ins Co*, 413 Mich 57; 318 NW2d 456 (1982).