# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 19, 2008

136069

RENEE ELLIS,
      Plaintiff-Appellee,

v

FARM BUREAU INSURANCE COMPANY,
      Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136069
COA: 275240
Wayne CC: 05-508314-CK

On December 3, 2008, the Court heard oral argument on the application for leave to appeal the February 12, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REMAND this case to the Wayne Circuit Court for entry of judgment in favor of the defendant. Contracts are enforced according to their unambiguous terms. *Rory v Continental Ins Co,* 473 Mich 457, 468 (2005). The defendant is not liable, under the terms of the insurance policy, because, under the facts of this case, the insured premises were vacant or unoccupied for more than 60 consecutive days before the damage occurred. *Smith v Lumbermen's Mutual Ins Co,* 101 Mich App 78 (1980), did not involve a vacancy of 60 days or more or policy language, such as that here, that limits coverage when the insured premises are vacant or unoccupied for more than 60 consecutive days.

YOUNG, J. (*concurring*).

I concur in the order reversing the judgment of the Court of Appeals and write solely to respond to the disturbing dissenting statement of Justice Kelly. This is a simple case that illustrates why judicial philosophy matters.

The insurance contract at issue disclaimed coverage for losses related to the insured home if it was "vacant and unoccupied beyond a period of 60 consecutive days." I wager that not one in a thousand native speakers of English would have difficulty in understanding this simple and straightforward contractual term. Notwithstanding, the premise of Justice Kelly's dissent is that these contractual terms are ambiguous because

they are not defined in the insurance contract.[1]  Only in a "judicial world" would two commonplace terms like "vacant" and "unoccupied" be deemed ambiguous, and only those who share Justice Kelly's philosophy of contract construction would make contracts containing those terms essentially unenforceable.

Unfortunately, I believe that Justice Kelly's view of contract construction in this case foreshadows the future.  I predict that we will see again the ascendency of a Michigan jurisprudence in which no contract will be enforced according to its plain meaning and the meaning given to such commonplace terms will be derived entirely from the imaginations of judges who share Justice Kelly's judicial philosophy.

MARKMAN, J.  (*concurring*).

I concur in the decision to reverse the judgment of the Court of Appeals.  I respond separately only to address Justice Kelly's dissent.  That dissent contends that our reliance on *Rory v Continental Ins Co,* 473 Mich 457 (2005), is "sadly misplaced" because defendant admits that the insurance policy at issue here does not define the word "vacant" or "unoccupied," and, thus, "did not rely on *Rory* in its most recent brief."  To begin with, defendant *did* rely on *Rory* in its brief in support of its application for leave to appeal,[2] and defendant very likely did *not* rely on *Rory* in its "most recent brief," i.e., its supplemental brief, only because this Court specifically directed the parties to "*not* submit mere restatements of their application papers" in their supplemental briefs.  482 Mich ___ (Docket No. 136069, order entered October 24, 2008) (emphasis added). Further, although defendant acknowledges that the dispositive terms of the policy are not defined in the policy, contrary to the dissent's suggestion, this by no means constitutes a concession that these terms are "ambiguous."  "As this Court has repeatedly stated, the fact that a contract does not define a relevant term does not render the contract ambiguous." *Terrien v Zwit,* 467 Mich 56, 76 (2002).  "Rather, if a term is not defined in a contract, we will interpret such term in accordance with its 'commonly used meaning.'" *Id*. at 76-77, quoting *Frankenmuth Mutual Ins Co v Masters*, 460 Mich 105, 114 (1999). Finally, contrary to the dissent's intimation, a "term is not rendered ambiguous merely because resort to a dictionary reveals more than one definition." *Lash v Traverse City*, 479 Mich 180, 189 n 12 (2007).[3]  "If that were the test for determining whether a term is

[1] If this were the prevailing rule of "ambiguity," then the so-called "plain language" movement of contract drafting is a cruel farce and insurance contracts would have to be accompanied by a "glossary" of everyday terms the size of the *Unabridged Oxford English Dictionary*.

[2] See defendant's brief in support of its application for leave to appeal, at 5, 7-8, 25.

[3] Even *plaintiff's* counsel admitted that the dispositive terms here are unambiguous, when he stated, "I guess I would have to concede that in the abstract vacant and unoccupied is not ambiguous."  Oral argument transcript at 10.  Contrary to the dissent's intimation, I

ambiguous, then virtually all contracts would be rife with ambiguity and, therefore, subject to what the dissent in 'words mean whatever I say they mean' fashion describes as 'judicial interpretation.'" *Terrien, supra* at 76. For these reasons, I fully share Justice Young's concerns about Justice Kelly's understanding of contract interpretation.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from the majority's order reversing the Court of Appeals judgment and concur with Justice Kelly's dissent.

Further, I note that if plaintiff had pleaded the issue of estoppel in her complaint, I would support granting plaintiff relief on that basis. At the time the insurance policy was issued, defendant's agent knew that no one was living in the house and that plaintiff intended to conduct extensive renovations before leasing it to a tenant. This Court has long held that "an insurance company is estopped from asserting a forfeiture for a condition of the premises existing at the time of the fire, which existed to the knowledge of the company at the making of the contract . . . ." *Gordon v St Paul Fire & Marine Ins Co*, 197 Mich 226, 234 (1917), relying on *Aurora Fire & Marine Ins Co v Kranich*, 36 Mich 289 (1877). See also *Johnson v American Fidelity Fire Ins Co*, 351 Mich 515, 521-522 (1958). *Gordon* and *Kranich* are factually and legally similar to this case, and would govern here if plaintiff had pleaded estoppel.

WEAVER, J. (*dissenting*).

I dissent and would deny leave to appeal because I am not persuaded that the Court of Appeals judgment in this matter should be peremptorily reversed.

KELLY, J. (*dissenting*).

I dissent from the Court's order peremptorily reversing the judgment of the Court of Appeals. The Court's reliance on *Rory v Continental Ins Co*[4] for the proposition that contracts are enforced according to their terms if the terms are unambiguous is sadly

---

*do* acknowledge that plaintiff's counsel proceeded to argue that the contract becomes ambiguous only when one considers that defendant's agent knew that the property was vacant, and, thus, it was reasonable for plaintiff to believe that the policy covered vacant properties. However, even *if* this was true, it is well established that "'a court should not create ambiguity in an insurance policy where the terms of the contract are clear and precise,'" *Citizens Ins Co v Pro-Seal Service Group, Inc,* 477 Mich 75, 82 (2007) (citation omitted), and "one's alleged 'reasonable expectations' cannot supersede the clear language of a contract." *Wilkie v Auto Owners Ins Co,* 469 Mich 41, 60 (2003).

[4] *Rory v Continental Ins Co*, 473 Mich 457, 468 (2005).

misplaced. In this case, the insurance policy admittedly did not define the terms "vacant" or "unoccupied." Both caselaw and the fact that numerous common definitions of the terms exist suggest that the terms are ambiguous.[5] Accordingly, they are subject to judicial interpretation, and *Rory* is inapplicable.[6] It is noteworthy that

---

[5] See, e.g., *Smith v Lumbermen's Mut Ins Co*, 101 Mich App 78 (1980); *Krajenke v Preferred Mut Ins Co*, 68 Mich App 211 (1976); *Shackelton v Sunfire Office*, 55 Mich 288 (1884).

Language is not rendered ambiguous merely because it is undefined in the contract in which it appears. But, ambiguity is more easily avoided if a contractual definition is provided. And the lack of a definition can contribute to the likelihood of ambiguity. Also, language is not ambiguous merely because a dictionary gives it more than one meaning. But where a dictionary shows that multiple commonly used meanings exist for the language, it signals that the language, if used without definition in a contract, risks being ambiguous.

Justice Young's assertion that "only in a 'judicial world' would two commonplace terms like 'vacant' and 'unoccupied' be deemed ambiguous" is puzzling. In *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44 (2008), Justices Young and Markman joined the majority opinion that explicitly examined the meaning of the term "occupy" and recognized that, in *Webster's College Dictionary* alone, there are six definitions for the term. Notwithstanding what I believe to be the majority's erroneous determination that "occupy" was unambiguous in that case, *Liberty Hill* demonstrates that the term is subject to differing interpretations. *Liberty Hill* represents but the tip of an iceberg of cases interpreting the very terms Justices Young and Markman believe to be unambiguous to "native speakers of English." For a fervent discussion of over 100 pages of the myriad of cases that have interpreted "vacant" and "unoccupied" as they relate to insurance policies, I refer Justices Young and Markman to 47 ALR3d 398; 36 ALR3d 505. Furthermore, it appears that Justices Young and Markman would treat the terms "vacant" and "unoccupied" as one and the same. However, they are not synonymous, which may be why the policy used two terms instead of one. Each has meanings independent of the other.

Moreover, Justice Markman distorts plaintiff's counsel's "admission" of a lack of ambiguity. The oral argument transcript shows that plaintiff's counsel admitted that the terms are not ambiguous "*in the abstract*" in response to Justice Young's invitation to him to "[p]retend this is not an insurance contract; pretend this is some other contract." Oral argument transcript at 10. In fact, immediately following this so-called "admission," plaintiff's counsel stated, "It's when you put [the terms] into [an insurance contract] context that the ambiguity arises." *Id*.

[6] Notwithstanding this analysis, I continue to believe that *Rory* was wrongly decided for the reasons stated in my dissenting opinion in that case.

defendant did not rely on *Rory* in its most recent brief, likely because it admitted that the policy did not define the dispositive terms.

I believe that the Court of Appeals properly held that plaintiff's property was not vacant or unoccupied within the meaning of the terms of the parties' insurance policy. I would leave its decision intact and deny defendant's application for leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 19, 2008

_Corbin R. Davis_
Clerk