# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN BAILEY,

   Plaintiff-Appellee,

v

GREAT LAKES MUTUAL INSURANCE
COMPANY,

   Defendant-Appellant.

UNPUBLISHED
November 17, 2015

No. 321655
Ingham Circuit Court
LC No. 13-000806-CK

Before: GADOLA, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

In this insurance coverage dispute, which our Supreme Court remanded to this Court for consideration as on leave granted, see *Bailey v Great Lakes Mut Ins Co*, 497 Mich 1003; 861 NW2d 634 (2015), defendant, Great Lakes Mutual Insurance Company, appeals the trial court's order denying its motion for summary disposition and granting the motion for summary disposition by plaintiff, Susan Bailey. On appeal, the primary issue is whether the trial court erred when it determined that the statement of occupancy that Bailey executed when she applied for insurance was not part of the policy that Great Lakes Mutual issued to her. We conclude that the trial court did not err when it determined that the statement of occupancy was not part of the policy. Accordingly, we affirm.

Bailey owns a rental home in Lansing, Michigan. She applied to insure the rental home with Great Lakes Mutual. The original application was dated June 29, 2011. On that same day, she executed a "Statement of Occupancy." In the statement, she agreed that the property she wished to insure "is used for rental purposes and is tenant-occupied" at the time. She also agreed that she would take certain actions if the property should become unoccupied: "I agree that should this rental property be unoccupied for greater than 60 days, I will immediately notify my agent or the Company." She further acknowledged that her coverage on the property would be "changed to a Form 1 policy to insure the vacated premises." Finally, she agreed to "accept full responsibility to comply with the notice requirement, and understand that failure to notify the Company of a change in occupancy or use of said property could compromise the coverage provided within the insurance policy." Great Lakes Mutual agreed to insure the property and issued her a Form 2 policy, which it made effective June 27, 2011 through June 27, 2012.

-1-

Bailey renewed the policy in 2012 with the policy period ending on June 27, 2013. In February 2013, the rental home suffered damage resulting from a water leak inside the house. Bailey submitted a claim to Great Lakes Mutual. After Bailey admitted that the house had been without a tenant since October 1, 2012, Great Lakes Mutual changed Bailey's policy from a Form 2 policy to a Form 1 policy, which it asserted did not cover the damage at issue. Accordingly, it denied her claim.

In July 2013, Bailey sued Great Lakes Mutual for breach of the insurance contract. Great Lakes Mutual moved for summary disposition under MCR 2.116(C)(10) in November 2013. In its brief in support of its motion for summary disposition, Great Lakes Mutual asserted that the statement of occupancy was a "condition precedent" and then discussed various authorities stating that an insurer does not have to cover a loss if the insured fails to give notice to the insurer, or if the property does not meet a residency requirement. Although it did not clearly assert the issue in its brief, Great Lakes Mutual did state in its motion that it had no obligation to cover Bailey's loss because she failed to give notice that the rental property was unoccupied as required under the statement of occupancy.

In January 2014, Bailey responded to Great Lakes Mutual's motion and argued that she was entitled to summary disposition under MCR 2.116(I)(2). She maintained that the statement of occupancy was not part of the policy because it was executed two days after the policy came into effect and it was not otherwise incorporated into the policy as a rider or endorsement. She also argued, in the alternative, that the property was not unoccupied because she visited the property and was actively preparing it for lease.

The trial court determined that the statement of occupancy was not part of the insurance policy. It also agreed with Bailey's alternative argument; relying on *Smith v Lumbermen's Mut Ins Co*, 101 Mich App 78; 300 NW2d 457 (1980), the trial court concluded that the undisputed evidence showed that the property was not vacant or unoccupied because Bailey was renovating the premises for a new tenant. For these reasons, the trial court denied Great Lakes Mutual's motion and granted Bailey's motion.

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). In deciding the motion, the trial court "must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id*. Summary disposition is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Greene v AP Prod, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006). Further, the construction and interpretation of an insurance contract is a question of law that this Court reviews de novo. *Morley v Automobile Club of Michigan*, 458 Mich 459, 465; 581 NW2d 237 (1998).

"[A]n insurance contract must be enforced in accordance with its terms." *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999). The policy application, declarations page, and the policy itself construed together constitute the contract. *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 8; 792 NW2d 372 (2010).

In its motion for summary disposition, Great Lakes Mutual failed to show that the statement of occupancy was part of the insurance policy and imposed a condition precedent to coverage. The policy at issue does not incorporate the statement of occupancy and there is otherwise no similar occupancy requirement in the policy. Additionally, Great Lakes Mutual admitted in a request for admissions that the statement of occupancy was not an endorsement or rider; it characterized it as a condition precedent. Great Lakes Mutual argues that application forms are part of the insurance contract and can give rise to claims by the insurer. See *Clark v John Hancock Mut Life Ins Co*, 180 Mich App 695; 447 NW2d 783 (1989). However, *Clark* is distinguishable from the present case because the insurance application in *Clark* specifically provided that it would be part of any policy issued. *Id*. at 702. In the present case, the statement of occupancy is not identified as part of the application for insurance or otherwise incorporated into the policy. Moreover, because Great Lakes Mutual did not argue or present evidence to the trial court that the statement of occupancy was independently enforceable, we cannot consider whether the statement might be enforceable under some alternate theory. See *Barnard Mfg Co, Inc v Gates Performance Eng, Inc*, 285 Mich App 362, 380-381; 775 NW2d 618 (2009).

In remanding for consideration as on leave granted, our Supreme Court directed this Court's attention to *Ellis v Farm Bureau Ins Co*, 482 Mich 1119; 760 NW2d 212 (2008). However, the decision in *Ellis* does not apply to the facts of this case because, unlike the case in *Ellis*, there is no evidence that the statement of occupancy was part of the application or policy. As such, even if the trial court erred when it determined that the rental home was occupied during the period at issue, it nevertheless came to the correct result. See *Rental Properties Owners Assoc of Kent County v Kent County Treasurer*, 308 Mich App 498, 533; 866 NW2d 817 (2014).

Affirmed.

/s/ Michael F. Gadola
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly